UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASSTHROUGH CERTIFICATES SERIES 2006-AR13 TRUST,<br>        Plaintiff,<br><br>vs.<br><br>JOSE A. TERRENAL, JR., OFELIA TERRENAL, AND DOES 1 TO 20,<br>        Defendants. | Case No.: 12-CV-5540 YGR<br><br>**ORDER GRANTING MOTION TO REMAND AND REMANDING ACTION** |

This case was removed from the Superior Court of the State of California, County of Alameda, where it was pending as an unlawful detainer action against *pro se* Defendant Ofelia Terrenal ("Defendant").[1] Defendant filed her notice of removal on August 28, 2012. (Dkt. No. 1, Notice of Removal ["NOR"].) Defendant removed the action pursuant to 28 U.S.C. §§ 1332, 1441, 1443, and 1446. (NOR ¶ 4.)

Plaintiff U.S. Bank National Association, As Trustee, Successor In Interest To Bank Of America, National Association As Trustee As Successor By Merger To Lasalle Bank, National Association As Trustee For Wamu Mortgage Passthrough Certificates Series 2006-Ar13 Trust ("Plaintiff") has filed a motion to remand on the grounds that: (1) removal was untimely because the Notice of Removal was filed more than 30 days after the date Defendant first received notice that

---

[1] Defendant Ofelia Terrenal is self-represented. The other named defendant to the underlying action, Jose A. Terrenal, Jr. did not sign or otherwise join in the notice of removal and statements therein.

this action was pending; (2) the Court lacks subject matter jurisdiction based upon diversity; and (3) the Court lacks subject matter jurisdiction based upon a federal question. Defendant has filed no opposition to the motion as of the date of this Order.

The Court **GRANTS** the motion for remand.[2]

First, the Motion must be granted because the Notice of Removal was untimely filed. In general, a defendant must file in the district court a notice of removal within 30 days after receipt of the first pleading in the state action that sets forth a removable claim. 28 U.S.C. § 1446(b). Here, Defendant's Notice of Removal was not filed within 30 days after the complaint was served on her. The underlying action for residential unlawful detainer was commenced by the filing of a complaint in the State Court on December 30, *2011*. The evidence submitted by Plaintiff indicates that Defendant was served with the summons and complaint in the underlying action on January 9, 2012. (Declaration of Richard Sontag, Exh. B, Dkt No. 6-2.) The Notice of Removal here was not filed until October 29, 2012, over ten months later. Defendant argues in the Notice of Removal that a later event triggered the removal, that event being "The Vacate Ruling." (NOR ¶ 26.) While no specific date for that "ruling" is offered in the text of the Notice of Removal, Defendant attaches a "Notice to Vacate" and Writ of Possession. (Dkt. No. 1-1.) Those documents indicate that the Alameda County Sheriff received the Writ of Possession on May 23, 2012, and that the property was required to be vacated no later than June 5, 2012. Defendant does not explain how these later events would constitute the first pleading to set forth a removable claim. Even assuming that they could be so construed, the removal notice was still untimely since it was filed several months after those dates.

In addition, the allegations in the complaint make clear that the amount in controversy does not meet the jurisdictional threshold of $75,000.00 for diversity jurisdiction. While Defendant argues that the jurisdictional amount should be considered to be greater because of the "pecuniary result" of her loss of possession, she has not offered facts to support that argument.

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for October 23, 2012.

Further, no federal question is presented in this action. The complaint asserts only one state law claim for unlawful detainer. Thus, there is no basis for asserting federal claim jurisdiction. *Phillips Petroleum Co. v. Texaco, Inc.* 415 U.S. 125, 127 (1974).

Accordingly, Plaintiff's Motion to Remand is **GRANTED**.

Plaintiff's request for an award of attorneys' fees is **DENIED**.

The Clerk of the Court is directed to **REMAND** this action to the Superior Court of the State of California, County of Alameda.

This Order terminates Docket No. 6.

**IT IS SO ORDERED.**

January 8, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**